**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TRACEY BROWN | ) | CASE NO. |
| 109 Carey Lane | ) | |
| Englewood, OH 45322 | ) | JUDGE: |
|              Plaintiff, | ) | |
| | ) | |
|       v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| MERCY HOUSING, INC., | ) | |
| 1600 Broadway Suite 2000 | ) | **JURY DEMAND ENDORSED** |
| Denver, CO 80202 | ) | **HEREIN** |
| | ) | |
|    **Serve also:** | ) | |
|    MERCY HOUSING, INC., | ) | |
|    c/o Corporation Service Company | ) | |
|    (Stat. Agent) | ) | |
|    1160 Dublin Rd, Ste 400 | ) | |
|    Columbus, OH 43215 | ) | |
| | ) | |
| | ) | |
|             Defendant. | ) | |

Plaintiff, Tracey Brown, by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

**PARTIES, JURISDICTION AND VENUE**

1.  Tracey Brown is currently a resident of the state of Tennessee.

2.  At all times herein, Brown was a resident of the city of Englewood, county of Montgomery,

    state of Ohio.

3.  At all times herein, Brown was acting in the course and scope of her employment.

4.  Mercy Housing, Inc. ("Mercy Housing") is a 501(c)(3) in Colorado that operates a place of

    business located at 6217 N Main St. Dayton, OH 45415

5. Mercy Housing hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Mercy Housing comports with due process.

6. This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1331 in that Brown is alleging Federal Law Claim under the Americans with Disabilities Act (ADA) and Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2617 et seq.

7. This Court has supplemental jurisdiction over Brown's state law claims pursuant to 28 U.S.C. § 1367 as Brown's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District because Mercy Housing does a sizeable portion of their business in this District; they maintain a place of business in this district; and the wrongs herein alleged occurred and/or originated in this District.

9. Within 300 days of the conduct alleged below, Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2024-02428 against Mercy Housing ("Brown EEOC Charge").

10. Brown received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

11. Brown has properly exhausted her administrative remedies pursuant to 26 C.F.R § 1614.407(b).

## FACTS

12. Brown is a former employee of Mercy Housing.

13. Brown began working for Mercy Housing in or around August 2016 as a Resident Services Coordinator.

14. Brown was initially hired to manage a single property part-time.

15. Mercy Housing later assigned Brown two properties—Siena Springs I and Siena Springs II— totaling 76 residents.

16. Brown regularly worked beyond her scheduled part-time hours to manage the workload for both properties.

17. To complete administrative responsibilities, Brown began working part of the time from home with the knowledge and approval of management and Human Resources ("HR").

18. Brown continued to work in a hybrid capacity throughout her employment, including a period of fully remote work during the COVID-19 pandemic.

19. Mercy Housing permitted Brown to work remotely or hybrid for over six years.

20. Brown never received discipline for performance or attendance during her employment.

21. Brown consistently received performance evaluations that rated her as "meets expectations" or "exceeds expectations."

22. In 2023, Brown underwent surgery that resulted in nerve damage and chronic pain.

23. Brown's nerve damage and chronic pain substantially impaired one of more of her major life activities, including sitting, standing, walking, and other physical activities.

24. As a result of this condition, Brown is disabled within the meaning of R.C. § 4112.01 et seq.

25. Brown is also disabled within the meaning of the Americans with Disabilities Act.

26. In the alternative, Mercy Housing perceived Brown as being disabled.

27. Despite her actual or perceived disability, Brown was able to perform the essential functions of her job.

28. In or around May 2024, Brown submitted medical documentation requesting to continue working in a hybrid capacity as a reasonable accommodation for her disability.

3

29. Brown's physician supported her need for a flexible work schedule to manage symptoms of nerve pain.

30. Brown's accommodation request was for the continuation of a work arrangement that had been in place for years.

31. Brown's accommodation request did not pose an undue hardship on Mercy Housing.

32. In July 2024, HR representatives Jonel Moseley and Sarah McConaghie revoked the accommodation.

33. Mercy Housing created no contemporaneous documentation reflecting any effort to determine whether Brown's request would pose an undue hardship.

34. Following her accommodation request, Brown's supervisor, Bobby Artis, criticized her job performance.

35. Artis compared Brown unfavorably to her coworkers and alleged that residents were complaining about her.

36. Brown had not received complaints or warnings prior to requesting accommodation.

37. Brown requested that Artis include HR in future conversations due to his tone and conduct.

38. After her accommodation request, Brown was required to email her supervisor any time she arrived late or left early due to her condition.

39. No other employees were subject to this requirement.

40. Brown requested to use Mercy Housing's PTO donation program.

41. Mercy Housing denied Brown access to the PTO donation program.

42. Mercy Housing did not deny employees outside of Brown's protected class access to the PTO donating program.

43. HR told Brown that she was a "hardship" to the company.

44. Brown continued to work and used her available PTO while waiting for an update from HR regarding her accommodation request.

45. Brown properly called off in accordance with company protocol and retained documentation of her communications.

46. Brown made multiple written requests to access her work communications related to her accommodation and time off.

47. Mercy Housing denied Brown access to those records.

48. Brown copied Mercy Housing CEO Ismael Guerrero on an email requesting help recovering her documents.

49. Brown never received a response from Guerrero or HR regarding her request.

50. Brown was told she was not allowed to arrive late, leave early, or leave due to pain or illness which directly contradicted her medical limitations and accommodation requirements.

51. On August 20, 2024, Brown was terminated while on approved leave.

52. On August 20, 2024, HR representative, Jonel Mosley notified her of her termination.

53. On the same day, Mercy Housing locked Brown out of her email and Microsoft Teams accounts.

54. Mercy Housing did not interview Brown or review her documentation before finalizing the termination.

55. Mercy Housing did not provide Brown with any prior verbal or written warnings.

56. Mercy Housing did not follow any progressive discipline policy prior to termination.

57. Mercy Housing did not issue Brown a performance improvement plan or corrective action.

58. Mercy Housing did not provide Brown an opportunity to respond to the allegations before termination.

59. Brown was not invited to any meeting to discuss her employment status prior to being discharged.

60. Brown was not informed that her employment was at risk before receiving the termination notice.

61. Mercy Housing terminated Brown's employment while she was on FMLA leave.

62. At the time of termination, Brown had an active accommodation request pending review by HR.

63. Brown's termination occurred within weeks of Mercy Housing revoking her hybrid work accommodation.

64. On the date of termination, Brown immediately lost access to company systems, including email and Teams.

65. Mercy Housing did not provide Brown with a termination meeting summary, separation notice, or any record identifying the decision-makers.

66. Mercy Housing made inconsistent statements to the EEOC regarding the reasons for Brown's termination.

67. Mercy Housing did not respond to Brown's written requests for clarification or reinstatement.

68. Mercy Housing's stated reason for Brown's termination changed multiple times during the EEOC process.

69. Brown was denied access to her personnel records following termination.

70. Mercy Housing did not return Brown's personal items from the workplace after termination.

71. Brown's termination occurred while she was still recovering from medical procedures and following her use of protected medical leave.

72. As a direct and proximate result of Mercy Housing's conduct, Brown has suffered and will continue to suffer damages, including lost wages, lost benefits, and emotional distress.

**COUNT I: <u>DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>**

73. Brown restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. At the time of her employment, Brown was able to complete the essential functions of his job.

75. Brown suffers from nerve damage and chronic pain resulting from surgery.

76. Brown is disabled.

77. In the alternative, Mercy Housing perceived Brown as being disabled.

78. Brown's condition constituted a physical impairment.

79. Brown's condition substantially impaired one or more of her major life activities including working, sitting, standing and walking

80. Mercy Housing perceived Brown's condition to substantially impair one or more of her major life activities including working, sitting, standing, and walking.

81. Mercy Housing treated Brown differently than other similarly-situated employees based on her disabling condition.

82. Mercy Housing treated Brown differently than other similarly-situated employees based on her perceived disabling condition.

83. On or about August 20, 2024, Mercy Housing terminated Brown's employment without just cause.

84. Mercy Housing terminated Brown's employment based her disability.

85. Mercy Housing terminated Brown's employment based her perceived disability.

86. Mercy Housing violated ADA when it terminated Brown based on her disability.

87. Mercy Housing violated ADA when it terminated Brown based on her perceived disability.

88. Mercy Housing violated ADA by discriminating against Brown based on her disability.

89. Mercy Housing violated ADA by discriminating against Brown based on her perceived disability.

90. Brown suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to Ohio R.C. § 4112.01 et seq.

91. As a direct and proximate result of Defendant's conduct, Brown suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: <u>DISABILITY DISCRIMAINTION IN VIOLATION OF R.C. § 4112</u>**

92. Brown restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. At the time of her employment, Brown was able to complete the essential functions of his job.

94. Brown suffers from nerve damage and chronic pain resulting from surgery.

95. Brown is disabled.

96. In the alternative, Mercy Housing perceived Brown as being disabled.

97. Brown's condition constituted a physical impairment.

98. Brown's condition substantially impaired one or more of her major life activities including working, sitting, standing and walking

99. Mercy Housing perceived Brown's condition to substantially impair one or more of her major life activities including working, sitting, standing, and walking.

8

100. Mercy Housing treated Brown differently than other similarly-situated employees based on her disabling condition.

101. Mercy Housing treated Brown differently than other similarly-situated employees based on her perceived disabling condition.

102. On or about August 20, 2024, Mercy Housing terminated Brown's employment without just cause.

103. Mercy Housing terminated Brown's employment based her disability.

104. Mercy Housing terminated Brown's employment based her perceived disability.

105. Mercy Housing violated Ohio R.C. § 4112.02 when it discharged Brown based on her disability.

106. Mercy Housing violated Ohio R.C. § 4112.02 when it discharged Brown based on her perceived disability.

107. Mercy Housing violated Ohio R.C. § 4112.02 by discriminating against Brown based on her disabling condition.

108. Mercy Housing violated Ohio R.C. §4112.02 by discriminating against Brown based on her perceived disabling condition.

109. Brown suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to Ohio R.C. § 4112.01 et seq.

110. As a direct and proximate result of Defendant's conduct, Brown suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT III: DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITY ACT

111. Brown restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

9

112.   As a result of Brown's Disability, Brown is and was considered disabled within the meaning of the ADA.

113.   Brown informed Mercy Housing of her disabling condition.

114.   Brown requested accommodations from Mercy Housing to assist with her disabilities including moving to a different location.

115.   Brown's requested accommodations were reasonable.

116.   There was an accommodation available that would have been effective and would have not posed an undue hardship to Mercy Housing.

117.   Mercy Housing failed to engage in the interactive process of determining whether Brown needed an accommodation.

118.   Mercy Housing failed to provide an accommodation.

119.   Mercy Housing violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 et seq. when it failed to engage in the interactive process to find a reasonable accommodation for Brown.

120.   Mercy Housing violated The Americans with Disabilities Act (ADA) 42 U.S.C. 126 § 12101 et seq. for not providing a reasonable accommodation for Brown.

121.   As a direct and proximate result of Mercy Housing's conduct, Brown suffered and will continue to suffer damages, including economic and emotional distress damages.

122.   In refusing to accommodate Brown, Mercy Housing acted with malice or reckless indifference to the rights of Brown, thereby entitling Brown to an award of punitive damages.

10

## COUNT IV: <u>DISABILITY DISCRIMINATION - FAILURE TO ACCOMODATE IN VIOLATION OF OHIO R.C. § 4112.02(A), ET. SEQ.</u>

123. Brown restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

124. As a result of Brown's Disability, Brown is and was considered disabled within the meaning of the R.C. §4112.02.

125. Brown informed Defendants of her disabling condition.

126. Brown requested accommodations from Defendants to assist with her disabilities including moving to a different location.

127. Brown's requested accommodations were reasonable.

128. There was an accommodation available that would have been effective and would have not posed an undue hardship to Mercy Housing.

129. Defendants failed to engage in the interactive process of determining whether Brown needed an accommodation.

130. Defendants failed to provide an accommodation.

131. Defendants violated Ohio R.C. §4112.02 when it failed to engage in the interactive process to find a reasonable accommodation.

132. Defendants violated Ohio R.C. §4112.02 by failing to provide Brown a reasonable accommodation.

133. Brown suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to Ohio R.C. § 4112.01 *et seq*.

134. As a direct and proximate result of Defendants' conduct, Brown suffered and will continue to suffer damages, including economic and emotional distress damages.

11

135. In refusing to accommodate Brown, Mercy Housing acted with malice or reckless indifference to the rights of Brown, thereby entitling Brown to an award of punitive damages.

## COUNT V: <u>UNLAWFUL INTERFERENCE WITH FMLA RIGHTS</u>

136. Brown restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

137. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

138. Mercy Housing is a covered employer under FMLA.

139. During her employment, Brown qualified for FMLA leave.

140. During her employment, Brown was approved and lawfully

141. Mercy Housing failed to properly advise Brown of her FMLA rights.

142. Mercy Housing unlawfully interfered with Brown's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

143. Mercy Housing's termination of Brown during his FMLA leave violated and interfered with Brown's FMLA rights.

144. Mercy Housing violated section 825.300(c)(1) of FMLA and interfered with Brown's FMLA rights.

145. As a direct and proximate result of Mercy Housing's conduct, Brown is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

**COUNT VI: <u>RETALIATION IN VIOLATION OF THE FMLA</u>**

146.  Brown restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

147.  During her employment, Brown utilized FMLA leave.

148.  After Brown utilized her qualified FMLA leave, Defendants retaliated against her.

149.  Defendants retaliated against Brown by terminating her employment.

150.  Defendants willfully retaliated against Brown in violation of U.S.C. § 2615(a).

151.  As a direct and proximate result of Defendants' wrongful conduct, Brown is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

**<u>DEMAND FOR RELIEF</u>**

WHEREFORE, Tracey Brown demands from Defendants the following:

(a) Issue an order requiring Mercy Housing to restore Brown to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Brown for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Brown's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *William T. LaGrone*

William T. LaGrone(0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Rd.
Suite 307
Columbus, OH 43229
Phone: (614) 468-8043
Fax:     (216) 291-5744
Email: William.lagrone@spitzlawfirm.com

*Attorney For Plaintiff*
*Tracey Brown*

14

## JURY DEMAND

Plaintiff Tracey Brown demands a trial by jury by the maximum number of jurors permitted.

/s/ *William T. LaGrone*

William T. LaGrone(0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

15